1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    R.M.,                                    No.  1:25-cv-1607 TLN AC P

12                  Petitioner,

13         v.                                   ORDER

14    WARDEN OF THE GOLDEN STATE
      ANNEX DETENTION FACILITY, et al.,
15
                      Respondent.
16

17         Petitioner, proceeding through counsel, has filed a petition for a writ of habeas corpus

18    pursuant to 28 U.S.C. § 2241.  Currently before the court are petitioner's motion to proceed

19    pseudonymously and for a protective order and motion to seal a medical report.[1]  ECF Nos. 16,

20    17, 19.  Both motions are unopposed.

21         In the motion to proceed pseudonymously, petitioner asserts that they are an asylum

22    seeker and are requesting to proceed using only their initials due to the risk of retaliatory harm.

23    ECF No. 16.  Parties are permitted "to use pseudonyms in the 'unusual case' when nondisclosure

24    of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or

25    personal embarrassment.'"  Does I through XXIII v. Advanced Textile Corp., 214 F.3d 1058,

26    1067-68 (9th Cir. 2000) (quoting United States v. Doe, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)).

27

28    [1]  The pending motion to dismiss will be addressed by separate findings and recommendations.

                                             1

1    The need for anonymity is determined by evaluating (1) "the severity of the threatened harm," (2)

2    the reasonableness of the fears, (3) and the individual's vulnerability to retaliation.  Id. at 1068

3    (citations omitted).

4        The court has reviewed petitioner's motion and finds that the reasons for proceeding under

5    a pseudonym warrant granting of the motion, and the need for confidentiality in asylum cases has

6    been recognized by the government, see 8 C.F.R. § 208.6 (regarding disclosure of records in

7    asylum proceedings).  Moreover, petitioner's identity has not been withheld from respondent, and

8    having no opposition from respondent, the undersigned finds that respondent would not suffer

9    any prejudice from allowing petitioner to be identified by their initials rather than their full name.

10    The motion to proceed under a pseudonym will therefore be granted.

11        Petitioner also requests a protective order requiring that the parties either redact or file

12    under seal any information identifying petitioner; the motion does not identify the scope of the

13    personal information for which protection is sought.  Considering that this request was made in

14    conjunction with the request to proceed pseudonymously, the court will construe it a request

15    related to the use of petitioner's full name.  The request will be granted to the extent that the

16    parties shall be required to refer to petitioner as either "petitioner" or by initials, and they shall

17    redact any documents containing petitioner's full name.  If petitioner wishes to protect any other

18    specific information or have any documents already filed in this action sealed, they may file a

19    motion identifying the type of information they seek to protect or identifying the documents they

20    wish to seal.  Such motion must identify the reasons for sealing and specify whether they seek to

21    seal the entire document or only a portion.  In the event petitioner seeks to seal only a portion of a

22    document, they will be required to submit a redacted version for public filing.[2]

23        Petitioner has also filed a motion to seal a medical report.  ECF Nos. 17, 19.  There is "a

24    strong presumption in favor of access to court records."  Foltz v. State Farm Mut. Auto. Ins. Co.,

25    331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted).  "A party seeking to seal a judicial record

26    then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons'

27

28

---

[2]  Due to the nature of this case, access to public filings are restricted to the parties and the public
terminals located at the courthouse.  See Fed. R. Civ. P. 5.2(c).

standard." <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (citation omitted). The undersigned has reviewed the medical report petitioner wishes to file under seal[3] and finds that the sensitive nature of the materials, combined with the concerns of retaliatory harm outlined more fully in petitioner's motion for a protective order, constitute compelling reasons to seal the report and the motion will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1.    Petitioner's motion to proceed pseudonymously and for protective order (ECF No. 16) is GRANTED to the extent set forth above;

2.    The parties must redact or move to file under seal any information identifying petitioner under seal, as outlined above;

3.    The Clerk of the Court is directed to update the docket to identify petitioner as "R.M."; and

4.    Petitioner's request to file under seal (ECF No. 17, 19) is GRANTED and petitioner may file his eleven-page medical report under seal.  After adding consecutive pagination to the medical report, petitioner shall submit the report to the Clerk of the Court for filing in accordance with Local Rule 141(e)(2)(i).

DATED: January 8, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3]  The court notes that the report is not paginated consecutively as required by Local Rule 141(b). Petitioner will be required add such pagination prior to submitting the report for filing.